IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSIE HARDIN, | § | |
| (TDCJ-CID #1837179), | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-20-1915 |
| | § | |
| PACK UNIT, | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Jessie Hardin, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), sued in March 2020, alleging civil rights violations resulting from a failure to protect his safety and a denial of medical care. Hardin, proceeding pro se and in forma pauperis, sues the Pack Unit of the TDCJ-CID. The threshold issue is whether Hardin's claims are barred by the doctrine of res judicata and the statute of limitations.

**I.      Hardin's Allegations**

Hardin asserts that while he was confined at the Pack Unit, he was forced to drink water containing excessive levels of arsenic. Hardin states that he was forced to drink the arsenic-laced water for two and one-half years. The Court has learned through telephone inquiry to the TDCJ-CID that Hardin was confined at the Pack Unit from January 26, 2015 to June 28, 2017. Hardin also complains that he fell on a wet floor in September 2014 and fractured his sternum.

Hardin seeks compensatory damages of $95,000.00.

O:\RAO\VDG\2020\20-1915.a01.wpd

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Hardin proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed pro se is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

Hardin raised virtually identical claims in a previous federal lawsuit. In Civil Action Number 4:18-3063, Hardin filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ-CID alleging that he was exposed to arsenic in the drinking water. On December 20, 2019, this Court granted the TDCJ-CID's motion to dismiss the lawsuit for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Hardin filed another lawsuit, Civil Action Number 4:19-3440, while Civil Action Number 4:18-3063 was still pending. On February 26, 2020, this Court dismissed Civil Action Number

4:19-3440 as malicious because the claims were duplicative of claims previously adjudicated by the Court.

On January 20, 2020, Hardin filed a complaint in the Eastern District again complaining of the exposure to arsenic and denial of medical care. The Eastern District transferred that case to this Court on April 27, 2020. That case, Civil Action Number 4:20-1483, remains pending.

Hardin initially filed the instant suit in the Eastern District on March 30, 2020, and that court transferred it to this Court on June 1, 2020. As noted above, the instant suit alleges civil rights violations based on exposure to arsenic and denial of treatment for his fractured sternum.

In forma pauperis complaints may be dismissed as frivolous if they seek to re-litigate claims that assert substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Pauper status does not entitle a plaintiff to avoid the ordinary rules of res judicata. *Id.* A district court may dismiss as malicious a pauper's complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). This Court dismisses Hardin's complaint as malicious because it duplicates allegations of another pending federal lawsuit, Civil Action Number 4:20-1483. Additionally, this complaint duplicates claims that have been adjudicated by this Court.

Alternatively, the Court finds that Hardin's claims are barred by the applicable statute of limitations. Dismissal of an action is appropriate when "it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany,* 996

F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub,* 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann,* 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson,* 951 F.2d 681, 684 (5th Cir.), *cert. denied,* 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2019). Hardin complains that he fractured his sternum in September 2014. The limitations period ended in August 2016, but Hardin did not file this complaint until March 2020.

Hardin also complains of the exposure to arsenic in the drinking water at the Pack Unit. Hardin's claims arose from the events that took place from January 26, 2015 to June 28, 2017. Hardin did not file this suit until March 30, 2020, nearly nine months after limitations had run.

The statute of limitations bars Hardin from asserting his civil rights claims against the named defendants. Hardin's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

**IV.     Conclusion**

The action filed by Jessie Hardin (TDCJ-CID Inmate #1837179) is DISMISSED as malicious because the claims are duplicative of those previously adjudicated. Alternatively, the Court finds that his claims are barred by the statute of limitations. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The TDCJ-CID must continue to deduct twenty percent of each deposit made to Hardin's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____June 10_____, 2020.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE